The document below is hereby signed.

Signed: February 04, 2009.



_S. Martin Teel, Jr._
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GLENN McCUTCHEN, | ) | Case No. 08-00220 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER RE
MOTION OF U.S. BANK N.A. TO PURSUE FRAUD CLAIMS

U.S. Bank National Association (as trustee respecting a mortgage pass through certificate) ("U.S. Bank") has filed a motion (Docket Entry ("DE") No. 60)[1] seeking first an order that would modify the discharge injunction to permit U.S. Bank to recover a fraud claim against the debtor McCutchen in a civil action in the Superior Court of the District of Columbia. Alternatively, if this court holds that the Bankruptcy Court must determine the nondischargeability of any such debt, U.S. Bank requests an order permitting the Superior Court to determine the existence of the debt and the amount of the debt, with U.S. Bank

---

[1] The motion is entitled Motion to Reconsider or Modify Discharge or in the Alternative to Recast Motion for Relief from Stay as Motion to Extend Time for Filing Complaint to Deny Dischargeability of Debt.

to then have thirty days to file a complaint for the determination of nondischargeability in the Bankruptcy Court. The motion is unopposed.

I

After a debtor's chapter 7 discharge is entered, that discharge "operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any [discharged] debt as a personal liability of the debtor . . . ." 11 U.S.C. § 524(a)(2).  This court has exclusive jurisdiction to determine whether U.S. Bank's fraud claims are dischargeable.  11 U.S.C. § 523(c).  U.S. Bank's first request, if granted, would circumvent those statutory provisions by letting the Superior Court enter a fraud judgment that U.S. Bank could then collect without having obtained a determination of nondischargeabilty by this court.

Although this court has observed in In re Richardson, 2000 Bankr. Lexis 1907 (Bankr. D.C. Dec. 4, 2000), that a bankruptcy court has the power to modify the discharge injunction, that decision does not justify granting U.S. Bank's first request. The decision in In re Richardson modified the discharge injunction only by clarifying its reach consistent with § 524(a)(2).  The creditor in In re Richardson did not seek to obtain a judgment to recover the debtor's debt as a personal liability of the debtor if the debt was a discharged debt.

Rather, it sought to obtain entry of a judgment in state court to recover the debt as a personal liability of the debtor conditioned on the bankruptcy court's then determining that the judgment debt was of a nondischargeable character.[2]  Accordingly, I reject U.S. Bank's first request (to let the Superior Court to enter a judgment for fraud without this court's ever addressing the dischargeability of the fraud claim), and I turn to its second request.

II

U.S. Bank's second request has two prongs, first, permitting it to have the issue of the existence and the amount of the debt to be first tried in the Superior Court before this court adjudicates the issue of dischargeabilty, and, second permitting it to pursue a dischargeability complaint within thirty days of the entry of a judgment in the Superior Court.  Assuming that U.S. Bank establishes that it may pursue a dischargeability complaint (an issue addressed in part III, below), it would be appropriate to permit the existence and amount of the debt to be tried in the Superior Court.

Although the bankruptcy court has exclusive jurisdiction under § 523(c) to determine whether a debt based on fraud is

---

[2] Steps to collect such a judgment, therefore, would have run afoul of 11 U.S.C. § 524(a)(3) unless the bankruptcy court issued a judgment pursuant to § 523(c) decreeing the judgment debt to be nondischargeable.

dischargeable, the bankruptcy court may make that determination by applying principles of issue preclusion (also called collateral estoppel) to a state court judgment determining the existence and amount of such a debt.  Even though no such judgment is yet in existence, common sense dictates that there ought not be a bar to this court's permitting a state court to try and issue a judgment determining the issue of whether a debt exists and the amount of the debt.

   Despite a bankruptcy court's exclusive jurisdiction under § 523(c) to determine the dischargeability of a debt for fraud alleged to fit within 11 U.S.C. § 523(a)(2), bankruptcy courts routinely apply collateral estoppel (issue preclusion) principles to ascertain whether a judgment of a state court entered prior to the commencement of the bankruptcy case establishes the necessary elements of nondischargeability.  Even once a bankruptcy case has commenced, a bankruptcy court has discretion to permit litigation to proceed in state court to establish the existence and amount of the debt.  With respect to the period during which the automatic stay is in effect in a case, a bankruptcy court has authority under 11 U.S.C. § 362(d) to lift the automatic stay of 11 U.S.C. § 362(a)(1) to permit such litigation to proceed in a state court.  If liability is then found by the state court to exist, the bankruptcy court may then apply principles of collateral estoppel (issue preclusion) as to whether the state

court's judgment establishes the elements of nondischargeability under § 523(a)(2).

Logically, this court's exclusive jurisdiction under § 523(c) to determine a claim of nondischargeability based on fraud similarly does not bar this court from following that procedure once a discharge is entered. The outcome of a request to permit litigation over the debt to proceed first in state court ought not vary based on whether the request is made while the automatic stay of 11 U.S.C. § 362(a)(1) is still in effect or, instead, has been terminated pursuant to 11 U.S.C. § 362(c)(2)(c) by the entry of the discharge and replaced by a discharge injunction under 11 U.S.C. § 524(a)2). As I held in <u>In re Richardson</u>, the creditor may be granted permission to obtain entry of a judgment in state court to recover the debt as a personal liability of the debtor conditioned on the bankruptcy court's then determining that the judgment debt was of a nondischargeable character.[3]

But permitting the issue of liability to be adjudicated in the Superior Court would make no sense if the debtor would be entitled to have the court dismiss as untimely any complaint for a determination of nondischargeability. Accordingly, I turn to

---

[3] In any event, by reason of 11 U.S.C. § 524(a)(1) the state court judgment would be void as a judgment to recover the debt as a personal liability of the debtor unless the bankruptcy court determines that the debt is nondischargeable.

5

the second prong of U.S. Bank's alternative request, namely, the prong requesting that it be permitted to file a dischargeability complaint in this court within thirty days of the entry by the Superior Court of a judgment against the debtor for a debt based on U.S. Bank's fraud claims.

                              III

The deadline for U.S. Bank to file a dischargeability complaint has expired, and the deadline for it to seek an enlargement of that time has expired as well.  Fed. R. Bankr. P. 4007(c).  U.S. Bank's motion for relief from the automatic stay to permit it to foreclose on the debtor's property was filed before the expiration of the deadline for filing a motion under Rule 4007(c) to enlarge the time to file a dischargeabilty complaint.  But the motion gave no hint that it would be seeking to obtain a determination of the dischargeability of the debt as a personal obligation of the debtor.  Its lien on its collateral passes through this chapter 7 case unaffected by the discharge, and so its lift stay motion, addressing enforcement of that lien via foreclosure, in no way could be viewed as touching on

discharge issues.[4]  Accordingly, the court cannot treat the lift stay motion as having sought a Rule 4007(c) enlargement of time, and U.S. Bank's untimely request in the current motion for a Rule 4007(c) enlargement of time cannot be made timely by way of amending the lift stay motion.  Cf. Markus v. Gschwend (In re Markus), 313 F.3d 1146, 1150 (9th Cir. 2002);  Magno v. Rigsby (In re Magno), 216 B.R. 34, 39 (9th Cir. BAP 1997) (untimely request to determine dischargeability of debt under § 523(a) could not be made timely by way of amending an earlier complaint, filed before Rule 4007(c) deadline, that sought denial of discharge under § 727(a)).

Nevertheless, U.S. Bank is free to pursue an untimely Rule 4007(c) motion.  For reasons explained below, the deadlines contained in Rule 4007(c) are not jurisdictional, and can be forfeited.

A complaint objecting to discharge filed after the bar date of Fed. R. Bankr. P. 4004(a) for objecting to discharge is not jurisdictionally barred, and the defense of the bar date can thus be forfeited.  Kontrick v. Ryan, 540 U.S. 443 (2004).  This would

---

[4]  The lift stay motion did not seek leave to pursue litigation in the Superior Court regarding the debt for fraud. Such a request would have made sense only if the creditor were to be allowed after recovery of a judgment for such a debt to pursue a dischargeability complaint in the bankruptcy court, and could be viewed as implicitly seeking an enlargement of time for filing a dischargeability complaint to sometime after the Superior Court acted.

7

apply as well to a dischargeability complaint filed after the bar date of Fed. R. Bankr. P. 4007(c).

It logically follows that so too can the debtor forfeit the defense of the bar date set forth in Fed. R. Bankr. P. 4007(c) for filing a motion to enlarge the time to file a dischargeability complaint.  Cf. Eberhart v. United States, 546 U.S. 12 (2005); National Ecological Foundation v. Alexander, 496 F.3d 466, 476 (6th Cir. 2007) ("where a party forfeits an objection to the untimeliness of a Rule 59(e) motion, that forfeiture makes the motion 'timely' for the purpose of Rule 4(a)(4)(A)(iv) [of the Federal Rules of Appellate Procedure]."

Moreover, the court may not *sua sponte* dismiss a Rule 4007(c) motion to enlarge time as itself untimely.  See United States v. Mitchell, 518 F.3d 740, 748-50 (10th Cir. 2008); Wilburn v. Robinson, 480 F.3d 1140, 1147-48 (D.C. Cir. 2007) (although court recognized that the appeal was time-barred, it proceeded to address the merits because the appellee failed timely to raise the untimeliness of the appeal).

IV

Nevertheless, Rule 4007(c) provides that the court "may for cause extend the time fixed under this subdivision" for filing a complaint to determine the dischargeability of a debt.  Before granting a motion by default, the court is required to satisfy itself that the motion sets forth facts that establish the

8

required cause for granting the relief sought by the motion. Here, the bar date under Rule 4007(c) was July 21, 2008.  U.S. Bank acknowledges that prior to July 8, 2008 (the date on which it planned to hold a foreclosure sale), its counsel discovered that there were potential clouds on McCutchen's title to the property upon which it was planning to foreclose.  Nothing in its motion suggests it was not aware, well before the July 21, 2008 deadline, of the alleged fraudulent acts of McCutchen that caused the potential clouds on his title to arise.  Moreover, no cause has been shown why U.S. Bank could not have filed a dischargeability complaint well before December 31, 2008, the date of the filing of the instant motion.  Accordingly, no cause has been alleged to justify extending the time for filing a complaint to determine the dischargeability of the debt.  I will thus deny the request to enlarge the time to file a dischargeability complaint even though that motion appears to be untimely under Rule 4007(c).

IV

Because the second prong of U.S. Bank's request for alternative relief (the prong seeking a Rule 4007(c) enlargement of time to file a dischargeability complaint) cannot be granted, it makes no sense to grant the first prong of that request (the request that it be permitted to proceed with litigation in the Superior Court to establish the existence of the debt for fraud).

Unless and until it is clear that U.S. Bank will not be barred from pursuing a dischargeability complaint, that litigation ought not go forward. (Litigation in that same Superior Court action seeking equitable relief to clear title is a different matter that I have addressed separately.)

V

In accordance with the foregoing, it is

ORDERED that U.S. Bank's motion (DE No. 60) is denied without prejudice to its filing an amended motion alleging cause for a Rule 4007(c) extension or its pursuing a dischargeability complaint (subject, however, to its responsibilities under Rule 9011 with respect to continuing to advocate any such matter if the debtor fails to forfeit the defense of untimeliness).

[Signed and dated above.]

Copies to: Michael N. Russo, Jr., Esq.; Michael S. Steadman, Jr., Esq.; David H. Cox, Esq.; Richard Rogers, Esq.; Wendell W. Webster, Trustee; Debtor; Debtor's Attorney.